1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8   MILGARD MANUFACTURING, INC.,

9              Plaintiff,

10        v.

11   LIBERTY MUTUAL INSURANCE
    COMPANY,

12

13              Defendant.

CASE NO. C13-6024 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
RECONSIDERATION

14

15

16

        This matter comes before the Court on Defendant Liberty Mutual Insurance

Company's ("Liberty") motion for reconsideration (Dkt. 90).

        On August 21, 2014, Plaintiff Milgard Manufacturing, Inc. ("Milgard") filed a

17

18

motion for a protective order against Liberty.  Dkt. 31.  Milgard sought an order requiring

Liberty to return all improperly obtained work product. *Id.* at 12.  Milgard also sought

19

20

attorney fees under Federal Rule of Civil Procedure 37(a)(5). *Id.*

        On October 1, 2014, the Court held a hearing to resolve discovery disputes

21

22

between the parties.  Dkt. 88.  During the hearing, the Court ordered Liberty to return all

ORDER - 1

1 | documents that were improperly obtained.  Dkt. 89 at 25.  The Court also granted

2 | sanctions in the form of attorney fees.  *Id.*

3 | On October 15, 2014, Liberty filed a motion for reconsideration.  Dkt. 90.  Liberty

4 | argues that the Court committed manifest error by granting sanctions.  *Id.* at 1.

5 | According to Liberty, Milgard did not make a good faith effort to meet and confer with

6 | Liberty as required by Local Rule 37(a)(1).  *Id.* at 5.  Liberty also contends that sanctions

7 | are inappropriate because Liberty did not act in bad faith and Milgard was not prejudiced.

8 | *Id.* at 6.

9 | Motions for reconsideration are governed by Local Rule CR 7(h), which provides

10 | as follows:

11 | Motions for reconsideration are disfavored.  The court will
ordinarily deny such motions in the absence of a showing of manifest error

12 | in the prior ruling or a showing of new facts or legal authority which could
not have been brought to its attention earlier with reasonable diligence.

13 | Local Rules, W.D. Wash. LCR 7(h)(1).

14 | Liberty fails to establish that the Court committed manifest error.  In awarding

15 | sanctions, the Court implicitly found that Milgard satisfied the meet and confer

16 | requirement as to that discovery issue.  *See* Dkt. 89 at 25.  The evidence in the record

17 | further establishes that this requirement was satisfied.  *See* Dkt. 32, Declaration of Paul J.

18 | Lawrence, Exs. A–D.  Moreover, the Court has discretion to impose discovery sanctions.

19 | *See Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978).  Here, Liberty

20 | improperly obtained work product by subpoenaing Milgard's experts without notice to

21 | Milgard.  *See* Dkt. 89 at 18–21.  Liberty failed to return this work product after repeated

22 |

ORDER - 2

1  requests from Milgard. *Id.*  During the hearing, Liberty could not explain why these

2  documents had not been returned or destroyed. *Id.* at 25.  The Court therefore found that

3  sanctions were appropriate. *Id.*  Nothing in Liberty's motion shows that the Court's

4  decision was manifest error.  Accordingly, the Court **DENIES** Liberty's motion for

5  reconsideration.

6       **IT IS SO ORDERED.**

7       Dated this 12th day of November, 2014.

8

9

10                         BENJAMIN H. SETTLE
                           United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 3