UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MILGARD MANUFACTURING, INC.,

    Plaintiff,

v.

LIBERTY MUTUAL INSURANCE COMPANY,

    Defendant.

CASE NO. C13-6024 BHS

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Defendant Liberty Mutual Insurance Company's ("Liberty") motion for a protective order (Dkt. 137). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

Plaintiff Milgard Manufacturing, Inc. ("Milgard") obtained a general liability policy from Illinois Union Insurance Company. Dkt. 138, Declaration of Ray Cox ("Cox Dec."), Ex. 5. This policy had a term of December 31, 2001 to December 31, 2002, and a

self-insured retention ("SIR") limit of $50,000 per claim. *Id.* Milgard also obtained an excess liability policy from Liberty for the same policy period. Cox Dec., Ex. 6.

Between 2012 and 2013, Milgard tendered numerous construction defect claims to Liberty. Dkt. 24 ¶ 8. In September 2013, Milgard informed Liberty that nine of these tendered claims had settled or were expected to settle within the SIR, and thus no further action was needed from Liberty at that time. Dkt. 119, Ex. 57 at 23; Cox Dec., Ex. 4 at 29–30.

On November 12, 2013, Milgard filed suit against Liberty in Pierce County Superior Court. Dkt. 1. On November 27, 2013, Liberty removed the matter to this Court. *Id.* On June 5, 2014, Milgard filed an amended complaint. Dkt. 24. Milgard alleges that Liberty (1) failed to meet its obligations under the excess liability policy, (2) acted in bad faith in handling tendered claims, and (3) violated Washington laws and regulations. *Id.*

On November 18, 2014, Milgard served Liberty with notice of a Rule 30(b)(6) deposition. Dkt. 142, Declaration of Nicole Denamur, Ex. C. Milgard's deposition topics related to all tendered claims, including the nine that settled. *Id.* at 12–14.

On January 5, 2015, the parties held a Rule 26(c)(1) discovery conference. Cox Dec. ¶ 9. That same day, Liberty filed a motion for a protective order. Dkt. 137. On January 20, 2015, Milgard responded. Dkt. 141. On January 23, 2015, Liberty replied. Dkt. 143.

## II. DISCUSSION

Liberty seeks a protective order to preclude Milgard from seeking testimony or conducting discovery into the nine claims that settled. Dkt. 137. Liberty argues that any discovery into these claims is irrelevant because Liberty does not have a duty to defend or indemnify withdrawn claims. *Id.* at 9.

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Information is "relevant" if it is "reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Under Rule 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). To obtain a protective order, the party seeking protection must show good cause. *Id.* Specifically, the moving party must make a clear showing of a particular and specific need for the order. *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). The decision to issue a protective order rests within the sound discretion of the trial court. *Id.*

Here, the Court finds that Liberty has failed to show good cause for a protective order. Liberty contends that any discovery regarding the nine claims is irrelevant because Liberty does not have a duty to defend or indemnify claims that Milgard has withdrawn. Dkt. 137 at 9. Milgard, however, alleges that Liberty acted in bad faith in handling all tendered claims. Dkt. 24 ¶¶ 9, 18. Although nine of the tendered claims may have settled, Liberty's handling of those nine claims prior to settlement is still relevant to

Milgard's bad faith action because the information appears to be either admissible or reasonably calculated to lead to the discovery of admissible evidence. *See St. Paul Fire & Marine Ins. Co. v. Onvia, Inc.*, 165 Wn.2d 122, 131 (2008) ("In the third-party context, an insurer can act in bad faith even where coverage is later determined to be unavailable."). The Court therefore denies Liberty's motion.

### III. ORDER

Therefore, it is hereby **ORDERED** that Liberty's motion for a protective order (Dkt. 137) is **DENIED**.

Dated this 3rd day of February, 2015.

BENJAMIN H. SETTLE
United States District Judge