1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

MILGARD MANUFACTURING, INC.,

9

Plaintiff,

10

v.

11

LIBERTY MUTUAL INSURANCE
COMPANY,

12

13

Defendant.

CASE NO. C13-6024 BHS

ORDER GRANTING IN PART
AND DENYING IN PART AS
MOOT PLAINTIFF'S SECOND
MOTION TO COMPEL AND FOR
SANCTIONS

14

15

16

17

18

19

This matter comes before the Court on Plaintiff Milgard Manufacturing, Inc.'s

("Milgard") second motion to compel and for sanctions (Dkt. 156).  The Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby grants the motion in part and denies it in part as moot for

the reasons stated herein.

**I. PROCEDURAL HISTORY**

20

21

22

On August 28, 2014, Milgard filed a motion to compel and for sanctions ("first

motion to compel").  Dkt. 46.  As part of its motion, Milgard asked the Court to compel

ORDER - 1

1 │ Defendant Liberty Mutual Insurance Company ("Liberty") to produce documents with

2 │ internal hyperlinks in an accessible format.  *Id.*

3 │     On October 1, 2014, the Court held a hearing to resolve discovery disputes

4 │ between the parties.  Dkt. 89.  During the hearing, the Court directed the parties to work

5 │ together to resolve any outstanding discovery issues, including producing all documents

6 │ in an accessible format.  *Id.* at 25–26.  The Court also granted Milgard sanctions in the

7 │ form of attorney fees.  *Id.* at 25.

8 │     On October 17, 2014, Milgard contacted Liberty about discovery issues.  Dkt. 102,

9 │ Declaration of Matthew Segal ("Segal Dec."), Ex. A.  Milgard notified Liberty that its

10 │ technical consultant was available to discuss the production of Liberty's documents in an

11 │ accessible format.  *Id.* at 3.  Milgard also asked Liberty to supplement the files of its

12 │ expert retained for claims adjustment purposes, David Stewart ("Mr. Stewart").  *Id.*  In

13 │ response, Liberty produced additional documents from Mr. Stewart.  Segal Dec., Ex. C.

14 │ Liberty also notified Milgard that its technical consultant would meet with Milgard's

15 │ consultant.  Segal Dec., Ex. B at 3.

16 │     On November 14, 2014, Milgard followed up with Liberty about several discovery

17 │ issues, including providing a complete supplement of Mr. Stewart's files and making

18 │ documents with hyperlinks accessible.  Dkt. 157, Second Declaration of Matthew Segal

19 │ ("Second Segal Dec."), Ex. A.

20 │     On January 5, 2015, Liberty provided the expert report for its claims handling

21 │ expert, Linda Bowen ("Ms. Bowen").  *See* Second Segal Dec., Ex. C.  That same day,

22 │ Liberty moved for a protective order to prohibit discovery into Milgard's rescinded

1   claims.  Dkt. 137.  On February 3, 2015, the Court denied Liberty's motion and ruled that

2   Liberty's handling of the rescinded claims was relevant to Milgard's bad faith action.

3   Dkt. 144.

4        On February 4, 2015, Milgard contacted Liberty about outstanding discovery

5   issues.  Second Segal Dec., Ex. C.  These issues included: (1) producing documents

6   maintained by Liberty's claims handler in an electronic document "portal"; (2) making

7   documents with hyperlinks easily accessible; (3) supplementing Mr. Stewart's files; (4)

8   producing all documents relied upon by Ms. Bowen; and (5) providing all claim notes.

9   *Id.*

10       Between February 24 and 27, 2105, Liberty produced thousands of documents

11  related to the rescinded claims.  Dkt. 187, Declaration of Ray Cox ("Cox Dec."), Exs. B,

12  E, F.

13       On February 27, 2015, the parties held a Rule 37 conference to discuss the

14  aforementioned discovery issues.  Second Segal Dec., Ex. I.  On March 5, 2015, Milgard

15  moved to compel and for sanctions.  Dkt. 156.  On March 16, 2015, Liberty responded.

16  Dkt. 184.  On March 20, 2015, Milgard replied.  Dkt. 194.

17                          **II. DISCUSSION**

18  **A.    Motion to Compel**

19       Milgard requests that the Court compel Liberty to: (1) produce records maintained

20  by Liberty's claims handler in a document portal and ensure such documents are

21  produced in an accessible format; (2) supplement Mr. Stewart's files; (3) produce all

22  documents relied on by Ms. Bowen; and (4) confirm whether any claim notes have been

1    withheld.  Dkt. 156 at 2.  In response, Liberty argues that it has produced thousands of

2    responsive documents and that Milgard has acted in bad faith.  Dkt. 184.

3    **1.    Standard**

4    "Litigants 'may obtain discovery regarding any matter, not privileged, that is

5    relevant to the claim or defense of any party.'"  *Surfvivor Media, Inc. v. Survivor Prods.*,

6    406 F.3d 625, 635 (9th Cir. 2005) (quoting Fed. R. Civ. P. 26(b)(1)).  "Relevant

7    information for purposes of discovery is information reasonably calculated to lead to the

8    discovery of admissible evidence."  *Id.* (internal quotation marks omitted).  "District

9    courts have broad discretion in determining relevancy for discovery purposes."  *Id.*

10   If an opposing party fails to fully respond to a discovery request, a party may file a

11   motion to compel disclosure or discovery.  Fed. R. Civ. P. 37(a).  "[A]n evasive or

12   incomplete disclosure, answer, or response must be treated as a failure to disclose,

13   answer, or respond."  *Id.*

14   **2.    Portal Documents**

15   Milgard seeks to compel the production of documents maintained by Liberty's

16   claim handler in an electronic document portal.  Dkt. 156 at 2.  These documents are

17   responsive to Milgard's discovery requests and relevant to Milgard's claims.  In response

18   to Milgard's motion, Liberty asserts that it has produced all of these documents.  Dkt. 184

19   at 7; Dkt. 186, Declaration of Colleen Lyons ¶ 5.

20   Although Liberty has produced all of the requested documents, Liberty has not

21   produced the documents in a format that allows Milgard to match emails and documents

22   with their associated attachments and hyperlinks.  This issue was the subject of Milgard's

1  first motion to compel.  Dkt. 46.  During the hearing in October, the Court agreed that

2  Milgard's request was reasonable and directed the parties to work together to produce the

3  documents in an easily accessible format.  Dkt. 89 at 41–42.  The Court now compels

4  Liberty to do so.

5          **3.     Mr. Stewart's Files**

6          Milgard asks the Court to compel Liberty to supplement Mr. Stewart's files.  Dkt.

7  156 at 8.  Liberty has designated Mr. Stewart as a litigation testifying expert and as a

8  claims adjustment expert.  Dkt. 120, Declaration of Matthew Segal, Ex. 94 at 21; Ex. 97

9  at 31.  Mr. Stewart's files are responsive to Milgard's first request for production.  *See*

10  Dkt. 48, Declaration of Matthew Segal, Ex. A at 4–11.

11          Liberty asserts that it previously produced all of Mr. Stewart's expert reports, and

12  that it will produce any additional documents that it receives.  Dkt. 184 at 7; Cox Dec.

13  ¶ 22.  If any additional documents have not yet been produced, the Court compels Liberty

14  to produce them without further delay.

15          **4.     Ms. Bowen's Files**

16          Milgard also requests Liberty to produce all documents relied on by its claims

17  handling expert, Ms. Bowen.  Dkt. 156 at 9.  Liberty states that any failure to initially

18  produce these documents was unintentional.  Dkt. 184 at 9; Dkt. 185, Declaration of

19  Richard Roland ("Roland Dec.") ¶¶ 7–9.  Liberty further states that it produced these

20  documents on March 15, 2015, after Milgard filed the instant motion.  Roland Dec. ¶¶ 7–

21  9.  Under Rule 26(a)(2), the documents relied upon by Ms. Bowen should have been

22  affirmatively produced with Ms. Bowen's expert report on January 5, 2015.  Fed. R. Civ.

1  P. 26(a)(2)(B) ("The [expert witness's] report must contain . . . any exhibits that will be

2  used to summarize or support [the witness's opinions] . . . ."). Because Liberty has now

3  produced these documents, the Court denies Milgard's motion as to this issue as moot.

4    **5.    Claim Notes**

5    Finally, Milgard asks the Court to compel Liberty to confirm whether any claim

6  notes have been withheld. Dkt. 156 at 9. In response, Liberty asserts that it has produced

7  or is in the process of producing all claim notes. Cox Dec. ¶ 22. Liberty also states that

8  it has only asserted privilege with respect to one letter. Dkt. 184 at 9; Cox Dec. ¶ 17, Ex.

9  G. To the extent that Liberty has not already done so, the Court compels Liberty to

10  produce any remaining claim notes or identify any notes that have been withheld and the

11  basis of any claim or privilege.

12  **B.    Attorney Fees**

13    Finally, Milgard moves the Court to sanction Liberty and award Milgard attorney

14  fees under Rule 37(a)(5)(A). Dkt. 156 at 10. If a motion to compel is granted or the

15  requested discovery is provided after the motion was filed, the Court must order the party

16  whose conduct necessitated the motion to pay the moving party's reasonable expenses

17  incurred in bringing the motion, including attorney fees. Fed. R. Civ. P. 37(a)(5)(A).

18  The Court, however, must not order payment if (1) the moving party filed the motion

19  before attempting in good faith to resolve the matter; (2) the opposing party's non-

20  disclosure was substantially justified; or (3) other circumstances make an award of

21  expenses unjust. *Id.*

22

1     Here, the Court has granted Milgard's second motion to compel in part and denied

2 it in part as moot.  None of the aforementioned exceptions apply.  Moreover, Liberty

3 produced some of the requested documents after Milgard filed the instant motion.

4 Pursuant to Rule 37(a)(5)(A), the Court finds that Milgard is entitled to its reasonable

5 expenses incurred in bringing this motion, including attorney fees.

6 **III. ORDER**

7     Therefore, it is hereby **ORDERED** that Milgard's second motion to compel and

8 for sanctions (Dkt. 156) is **GRANTED in part** and **DENIED in part as moot**.  Milgard

9 shall submit a brief documenting its reasonable expenses associated with bringing this

10 motion by May 6, 2015 and shall note the motion for consideration on the Court's May

11 15, 2015 calendar.  Liberty may respond by May 15, 2015.

12     Dated this 24th day of April, 2015.

13

14                                BENJAMIN H. SETTLE

15                                United States District Judge

16

17

18

19

20

21

22

ORDER - 7