UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MILGARD MANUFACTURING, INC.,

        Plaintiff,

   v.

LIBERTY MUTUAL INSURANCE COMPANY,

        Defendant.

CASE NO. C13-6024 BHS

ORDER AWARDING PLAINTIFF ATTORNEY FEES

      This matter comes before the Court on Plaintiff Milgard Manufacturing, Inc.'s ("Milgard") declaration in support of Milgard's request for an award of attorney fees (Dkt. 102). The Court has considered the declaration and supporting exhibits, Defendant Liberty Mutual Insurance Company's ("Liberty") response, and the remainder of the file and hereby awards Milgard $7576.25 in attorney fees.

## I. PROCEDURAL HISTORY

      On August 21, 2014, Milgard filed a motion for a protective order against Liberty. Dkt. 31. Milgard sought an order requiring Liberty to return all improperly obtained

ORDER - 1

work product. *Id.* at 12.  Milgard also sought attorney fees under Federal Rule of Civil Procedure 37(a)(5).  *Id.*

On October 1, 2014, the Court held a hearing to resolve discovery disputes between the parties.  Dkt. 88.  During the hearing, the Court ruled that Liberty improperly obtained and failed to return work product.  Dkt. 89 at 25:12–17.  The Court also granted Milgard sanctions in the form of attorney fees.  *Id.*  The Court directed Milgard to submit a declaration in support of the sanctions.  *Id.* at 44:1–5.

On November 21, 2014, Milgard submitted a declaration in support of the sanctions.  Dkt. 102, Declaration of Matthew Segal ("Segal Dec.").  On November 26, 2014, Liberty responded.  Dkt. 105.

## II. DISCUSSION

Milgard requests $12,317 in attorney fees.  Segal Dec. ¶ 12, Ex. E.  In response, Liberty argues that Milgard's requested amount of fees includes time spent on issues unrelated to the sanctioned conduct.  Dkt. 105 at 3–4.  Liberty also contends that Milgard has not demonstrated that its requested amount of fees is reasonable.  *Id.* at 4–8.

Under Rule 26(c), a party may move for a protective order.  Fed. R. Civ. P. 26(c).  The Court must award attorney fees to a party who successfully moves for a protective order.  *Id.*; Fed. R. Civ. P. 37(a)(5).  The Court, however, must not award fees if (1) the moving party filed the motion before attempting in good faith to resolve the matter; (2) the opposing party's actions were substantially justified; or (3) other circumstances make an award unjust.  Fed. R. Civ. P. 37(a)(5).  District courts have broad discretion in

determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

During the hearing, that Court granted Milgard's motion for a protective order and determined that sanctions in the form of attorney fees were appropriate. Dkt. 89 at 25:12–17. The Court's decision to impose sanctions was limited to Liberty's improper acquisition of work product. *Id.* Thus, Milgard should only be awarded fees that are directly related to this issue (e.g., emails and phone calls to Liberty's counsel regarding the improperly obtained work product, preparing the motion for a protective order, etc.). Milgard's request for attorney fees includes time spent on issues unrelated to the sanctioned conduct. *See* Segal Dec., Exs. D, E. After reviewing Milgard's billing entries, the Court concludes that Milgard should be awarded $7576.25 in attorney fees. This award reasonably accounts for the fees Milgard incurred as a result of Liberty's improper acquisition of work product.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Court awards Milgard $7576.25 in attorney fees.

Dated this 28th day of April, 2015.

BENJAMIN H. SETTLE
United States District Judge