UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MILGARD MANUFACTURING, INC., a Washington corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts mutual insurance company,<br><br>　　　　　　Defendant. | CASE NO. C13-6024 BHS<br><br>ORDER REQUESTING RESPONSE TO MILGARD'S MOTION FOR RECONSIDERATION AND DENYING LIBERTY'S MOTION FOR CLARIFICATION |

This matter comes before the Court on Plaintiff Milgard Manufacturing, Inc.'s ("Milgard") motion for reconsideration (Dkt. 267) and Defendant Liberty Mutual Insurance Company's ("Liberty") motion for clarification (Dkt. 266).  Both motions pertain to the Court's May 27, 2015 order.

**I. PROCEDURAL HISTORY**

On May 27, 2015, the Court ruled on the parties' motions for summary judgment. Dkt. 265.  On June 10, 2015, Liberty filed a motion seeking clarification with regard to the Court's ruling on Milgard's bad faith claims.  Dkt. 266.  On June 10, 2015, Milgard

filed a motion for reconsideration as to the Court's ruling on Milgard's coverage claims. Dkt. 267. Milgard also requests clarification regarding the Court's ruling on its bad faith claims. *Id.*

## II. DISCUSSION

**A.   Milgard's Motion for Reconsideration**

Milgard asks the Court to reconsider portions of its May 27, 2015 order. Dkt. 267. Motions for reconsideration are governed by Local Rule 7(h), which provides as follows:

> No response to a motion for reconsideration shall be filed unless requested by the court. No motion for reconsideration will be granted without such a request. The request will set a time when the response is due, and may limit briefing to particular issues or points raised by the motion, may authorize a reply, and may prescribe page limitations.

Local Rules, W.D. Wash. LCR 7(h)(3).

The Court has considered Milgard's motion and the remainder of the file and hereby requests a response from Liberty on three issues raised in Milgard's motion: (1) whether the Court should reconsider its coverage ruling with regard to the underlying *Providence* claim because Milgard submitted evidence of first notice[1] (Dkt. 267 at 3); (2) whether Milgard's estoppel and waiver arguments present questions of fact for the jury (Dkt. 267 at 5); and (3) whether the Court should reconsider its coverage ruling with respect to the three underlying claims that remain active—*Gonzalez*, *Irvine Apts.*, and *Tuscany Hills* (Dkt. 267 at 6).

---

[1] This evidence was referenced in a footnote. *See* Dkt. 148 at 20 n.22.

ORDER - 2

Liberty shall file a response as to these three issues by June 30, 2015, in a brief not to exceed fifteen pages. Milgard may file a reply by July 3, 2015, in a brief not to exceed ten pages. Milgard's motion for reconsideration is renoted to July 3, 2015.

**B.  Liberty's Motion for Clarification**

Liberty seeks clarification with regard to the Court's ruling on Milgard's bad faith claims arising from Liberty's post-litigation conduct. Dkt. 266. Liberty contends that the Court should have granted Liberty's partial motion for summary judgment on this issue rather than denied it as moot. *Id.* at 4.

The Court construes Liberty's motion for clarification as a motion for reconsideration. Local Rule 7(h) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rules, W.D. Wash. LCR 7(h)(1).

Both parties filed summary judgment motions that addressed Milgard's bad faith claims. Milgard moved for summary judgment on the basis that it had proven all elements of its bad faith claims. Dkt. 170. Meanwhile, Liberty moved for summary judgment on the basis that Milgard did not have a cause of action based on Liberty's post-litigation conduct. Dkt. 164 at 19–23. Liberty did not argue that Milgard failed to submit evidence to support its bad faith claims. *See id.*

The Court denied Liberty's motion as moot because Milgard does have a cause of action for its bad faith claims, but Milgard failed to submit evidence of harm to support

ORDER - 3

1 its claims. Dkt. 256 at 16, 18. Because Liberty did not argue that Milgard failed to

2 submit evidence of harm in its summary judgment motion, Liberty failed to demonstrate

3 that it was entitled to summary judgment on Milgard's bad faith claims.[2] Accordingly,

4 Milgard's bad faith claims are preserved for trial. The Court denies Liberty's motion for

5 clarification.

## III. ORDER

The Court requests additional briefing on Milgard's motion for reconsideration (Dkt. 267) as discussed herein. Milgard's motion is renoted to July 3, 2015. Liberty's motion for clarification (Dkt. 266) is **DENIED**.

Dated this 15th day of June, 2015.

_____
BENJAMIN H. SETTLE
United States District Judge

---

[2] Although Liberty did not raise the issue of harm in its summary judgment motion, this does not preclude Liberty from doing so in a renewed motion for summary judgment. A motion based on this discrete issue may be filed before July 2, 2015 and noted in accordance with the Local Rules.